Alvaro Ezequiel Ramirez CASTANEDA,
a/k/a Avardo Ramirez, a/k/a Alvaro
Castaneda Ramirez, Petitioner,

v.

Jefferson B. SESSIONS III,
U.S. Attorney General,
Respondent.

No. 17-1630

United States Court of Appeals,
Fourth Circuit.

Submitted: November 30, 2017

Decided: December 13, 2017

Fernando A. Nuñez, Greensboro, North
Carolina, for Petitioner. Chad A. Readler,
Acting Assistant Attorney General, John
S. Hogan, Assistant Director, Mona Maria
Yousif, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respon-
dent.

Before KING, AGEE, and DIAZ,
Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Alvaro Ezequiel Ramirez Castaneda, a
native and citizen of Mexico, petitions for
review of an order of the Board of Immi-
gration Appeals (Board) dismissing his ap-
peal from the Immigration Judge's (IJ)
denial of his application for cancellation of
removal. For the reasons set forth below,
we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012),
entitled "Denials of discretionary relief,"
"no court shall have jurisdiction to review
any judgment regarding the granting of
relief under section ... 1229b," which is
the section governing cancellation of re-
moval. In this case, the IJ found, and the
Board agreed, that Ramirez Castaneda
failed to meet his burden of establishing
that his United States citizen children
would suffer exceptional and extremely un-
usual hardship if he is returned to Mexico.
We conclude that this determination is
clearly discretionary in nature, and we
therefore lack jurisdiction to review chal-
lenges to this finding absent a colorable
constitutional claim or question of law. *See
Sattani v. Holder*, 749 F.3d 368, 372 (5th
Cir. 2014) (finding no jurisdiction to review
determination that aliens failed to demon-
strate requisite hardship to their U.S. citi-
zen son); *Obioha v. Gonzales*, 431 F.3d 400,
405 (4th Cir. 2005) ("It is quite clear that
the gatekeeper provision [of
§ 1252(a)(2)(B)(i)] bars our jurisdiction to
review a decision of the [Board] to actually
deny a petition for cancellation of remov-
al."); *Okpa v. INS*, 266 F.3d 313, 317 (4th
Cir. 2001) (concluding, under transitional
rules, that issue of hardship is committed
to agency discretion and is not subject to
appellate review).

We have reviewed Ramirez Castaneda's
claims of error and conclude that he fails
to raise a colorable constitutional claim or
question of law under 8 U.S.C.
§ 1252(a)(2)(D) (2012). *See Gomis v. Hold-
er*, 571 F.3d 353, 358 (4th Cir. 2009) ("[A]b-
sent a *colorable* constitutional claim or
question of law, our review of the issue is
not authorized by § 1252(a)(2)(D)." (em-
phasis added)). Accordingly, we dismiss
the petition for review for lack of jurisdic-
tion. We dispense with oral argument be-
cause the facts and legal contentions are
adequately presented in the materials be-

118

fore this court and argument would not aid the decisional process.

*PETITION DISMISSED*